IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 1, 2003

## STATE OF TENNESSEE v. N'KOSI TUGGLE

**Appeal from the Criminal Court for Shelby County**
**No. 01-05479     W. Otis Higgs, Judge**

_____

**No. W2002-02625-CCA-R3-CD - Filed May 15, 2003**

_____

The defendant, N'Kosi Tuggle, entered a plea of guilt to aggravated robbery. The trial court imposed a Range I sentence of eight years. In this appeal of right, the defendant argues that he should have been classified as an especially mitigated offender. The judgment is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which DAVID G. HAYES and THOMAS T. WOODALL, JJ., joined.

John A. Peebles (on appeal) and Robert Felkner (at trial), Assistant Public Defenders, for the appellant, N'Kosi Tuggle.

Paul G. Summers, Attorney General & Reporter; Kathy D. Aslinger, Assistant Attorney General; and David Zak, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

Shortly before 10:00 A.M. on June 8, 2000, the defendant and Marcus McGhee, who was armed with a pistol, robbed a Taco Bell in Memphis of $225.00. During the robbery, the defendant covered his face with his shirt. While McGhee used a scarf to hide his identity, he was recognized by one of the employees as a former Taco Bell employee. Before leaving the scene, the defendant and McGhee forced Taco Bell employees into a freezer. Later, police recovered part of the proceeds at the defendant's address and the remainder in the getaway car. Each of the men admitted his participation in the crime. Police also recovered the weapon used in the robbery.

McGhee, who was a juvenile at the time of the offense, was treated as an adult and received an eight-year sentence. The defendant, who requested more lenient sentencing as an especially mitigated offender, also received an eight-year sentence. At the sentencing hearing, it was established that the defendant, age 18 at the time of the offense, had no prior criminal record.

The defendant, who had an IQ of 52, had been placed in a special education program during his school years. The offense occurred approximately three weeks after his graduation from Hamilton High School, where he attended regularly and had satisfactory behavioral marks. He was below the fourth percentile in reading and mathematics. The presentence report established that the defendant admitted having used marijuana about once every two weeks "a long time ago." His employment record included part-time hourly positions with a fast food restaurant, a trucking company, a tire company, and a landscaper beginning in 1998 and ending in 2002. The defendant also claimed that he held a position as a church musician for which he received compensation. At the time of the hearing, he worked at G&P Tire, where he repaired flat tires and washed cars.

In arriving at the sentence, the trial court made reference to the facts of the case, compared the eight-year sentence he had imposed on McGhee and, while observing that the defendant had "problems in school and that there were no enhancement factors offered by the state," declined to classify the defendant as an especially mitigated offender based upon the serious nature and dangerous circumstances of the crime.

In this appeal, the defendant contends that he is entitled to an especially mitigated sentence. He points out that he had no prior criminal record and argues that the trial court, by making reference to McGhee's sentence, failed to impose an individualized sentence. When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a de novo review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991); see State v. Jones, 883 S.W.2d 597, 600 (Tenn. 1994). "If the trial court applies inappropriate factors or otherwise fails to follow the 1989 Sentencing Act, the presumption of correctness falls." State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992). The Sentencing Commission Comments provide that the burden is on the defendant to show the impropriety of the sentence. Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments.

Our review requires an analysis of (1) the evidence, if any, received at the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancing factors; (6) any statements made by the defendant in his own behalf; and (7) the defendant's potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, -210; State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987). If the trial court's findings of fact are adequately supported by the record, this court may not modify the sentence even if it would have preferred a different result. State v. Fletcher, 805 S.W.2d 785 (Tenn. Crim. App. 1991).

Trial courts have the discretion to classify defendants as especially mitigated offenders when there are no prior felony convictions and there are mitigating, but no enhancement factors. Tenn. Code Ann. § 40-35-109(a). If the trial court determines that the defendant is an especially mitigated offender, it shall reduce the minimum sentence by 10%, reduce the release eligibility date to 20%,

or both.  Tenn. Code Ann. § 40-35-109(b).  The decision to classify a defendant as an especially mitigated offender is discretionary.  See State v. Buttrey, 756 S.W.2d 718, 722 (Tenn. Crim. App. 1988).  In State v. Braden, 867 S.W.2d 750, 762-63 (Tenn. Crim. App. 1993), this court upheld the trial court's refusal to classify the defendant as an especially mitigated offender due to the serious nature of the offense.  In State v. Blackstock, 19 S.W.3d 200 (Tenn. 2000), our supreme court modified the classification of the defendant, who had an IQ of 55 and functioned as an eight- or nine-year-old child, to especially mitigated offender status based upon the erroneous application of a single enhancement factor.  While this case is similar to Blackstock, the state correctly points out that there were no enhancement factors in Blackstock and the trial court could have applied an enhancement factor in this case.  By acknowledging his prior, regular use of marijuana, the defendant admitted a history of criminal behavior.  See Tenn. Code Ann. § 40-35-114(1) (1997); State v. Dirk Braden Carter, No. 02C01-9710-CC-00421 (Tenn. Crim. App., at Jackson, July 28, 1998) (prior use of marijuana which did not result in a conviction may be applied as an enhancement factor where the defendant claims to be an especially mitigated offender).  In our view, that would disqualify the defendant from consideration as an especially mitigated offender.  The single enhancement factor, in combination with the use of a weapon in a robbery involving several employees of a business, establishes that the trial court did not abuse its discretion.

Accordingly, the judgment is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE

-3-